**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RANDALL DUCK,

    Petitioner,

       v.

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

    Respondent.

**Civil Action No. 1:16-mc-00697 (CKK)**

**MEMORANDUM OPINION**
(April 19, 2016)

Petitioner Randall Duck ("Petitioner") filed this miscellaneous action, seeking to enforce a subpoena *duces tecum* issued out of the United States District Court for the District of Colorado (the "District of Colorado") directed to the United States Securities and Exchange Commission (the "SEC"). Presently before the Court is Petitioner's [5] Motion to Transfer Petitioner's Motion to Compel Compliance with Subpoena. For the reasons described below, the Court will grant Petitioner's Motion to Transfer and will transfer Petitioner's Motion to Compel to the District of Colorado where the underlying action is pending. *See In re Molycorp, Inc. Securities Litigation*, No. 1:12-cv-00292-RM-KMT (D. Colo.).

**I. BACKGROUND**

Petitioner, a purchaser or acquirer of Molycorp, Inc.'s securities, is a lead plaintiff in the underlying action, which alleges that current and former officers and directors of Molycorp, and several investment banks, violated federal securities laws. *See* Petitioner's Mot. to Transfer, ECF

No. [5], at 1.[1]  Petitioner initiated the underlying action in 2012, and filed amended pleading in

May 2015, charging the defendants with violations of the Securities Act of 1933 and the Securities

and Exchange Act of 1934.  *Id.*  The underlying case concerns allegations that the defendants made

misleading statements about whether Molycorp's "principal products" included certain heavy rare

earth elements ("HREEs") and the amount of HREEs located in the company's Mountain Pass

mine in California.  *Id.* at 2.

On January 20, 2016, Judge Raymond P. Moore granted in part and denied in part the

defendants' motion to dismiss.  Following a scheduling conference held on February 11, 2016,

Magistrate Judge Kathleen M. Tafoya entered a scheduling order, setting a deadline of January 15,

2017, by which the parties must complete all fact discovery.  *See id.*  On February 18, 2016,

Petitioner caused a subpoena *duces tecum* to be served on the SEC—which is not a party to the

underlying action—calling for, *inter alia*, a copy of all documents produced by Molycorp to the

SEC as part of the agency's formal and informal inquiries into Molycorp's public disclosures

regarding the capabilities of the Mountain Pass mine.  *Id.*

On March 17, 2016, the defendants in the underlying action filed a motion for summary

judgment, arguing that all of the plaintiffs' claims should be dismissed on the basis that "irrefutable

evidence . . . defeats an element critical to each of Plaintiffs' claims."  Motion for Summary

Judgment, *In re Molycorp, Inc. Securities Litigation*, No. 1:12-cv-00292-RM-KMT (D. Colo.),

ECF No. [193], at 2.[2]  In the alternative, the defendants argued that "discovery should be narrowly

---

[1] The underlying action is on behalf of all purchasers or acquirers of Molycorp's securities from February 7, 2011 through November 10, 2011.  *See* Petitioner's Mot. to Compel, ECF No. [1], at 2.

[2] The defendants in the underlying action recognized that "filing a summary judgment at this stage in the litigation, when discovery is just beginning, is unusual[,]" but contended that

tailored and limited to discovery sufficient for [the plaintiffs] to respond to the arguments in this motion." *Id.* at 18.   On April 11, 2016, the plaintiffs in the underlying action filed their response, arguing that the motion for summary judgment was premature, and that the defendants' request to narrow the scope of discovery should be denied.   *See* Response to Motion for Summary Judgment, *In re Molycorp, Inc. Securities Litigation*, No. 1:12-cv-00292-RM-KMT (D. Colo.), ECF No. [198], at 13-16 (Petitioner's Exhibit 2 to the Declaration of Regis C. Worley, Jr., ECF No. [5-2]). The plaintiffs further requested that, should the court order discovery to proceed pursuant to Federal Rule of Civil Procedure 56(d)(2), plaintiffs, at  a minimum, should be be entitled to conduct discovery into certain substantive issues described in their brief.  *See id.* at 4.  As of the date and time of this Memorandum Opinion, the defendants in the underlying action have not yet filed their reply in support of their motion for summary judgment.   Additionally, neither Judge Moore, nor Magistrate Judge Tafoya, has entered an order ruling on the motion for summary judgment or ruling on the parties' arguments as to the need for, or the scope of, future discovery in the underlying action.

On April 4, 2016, Petitioner initiated this action by filing in this Court its Motion to Compel compliance with the subpoena *duces tecum* directed to the SEC.   On April 12, 2016, Petitioner filed the instant Motion to Transfer.   The SEC filed its response on April 14, 2016, and Petitioner filed its reply on April 15, 2016.   Accordingly, Petitioner's Motion to Transfer is ripe for adjudication.

---

"unique factual circumstances" warranted the motion.  *In re Molycorp, Inc. Securities Litigation*, No. 1:12-cv-00292-RM-KMT (D. Colo.), ECF No. [193], at 2.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 45(f), added in 2013, authorizes the transfer of subpoena-related motions from the court where production is required to the court where the underlying action is pending if the "person subject to the subpoena consents or if the court finds exceptional circumstances.  Fed. R. Civ. P. 45(f).  The term, "exceptional circumstances," is not defined in Rule 45(f); however, the Advisory Committee's Note provides guidance on the application of the rule:

> In the absence of consent, the court may transfer in exceptional circumstances, and the proponent of transfer bears the burden of showing that such circumstances are present. The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45(f) advisory committee's note (2013 amendments).

In determining whether "exceptional circumstances" exist, courts consider several factors, including the "complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014); *see also*, *e.g.*, *Fed. Home Loan Mortgage Corp. v. Deloitte & Touche LLP*, 309 F.R.D. 41, 44 (D.D.C. 2015) (finding exceptional circumstances where transfer would avoid interference with a "time-sensitive discovery schedule" set in the underlying action); *In re UBS Fin. Servs., Inc. of Puerto Rico Sec. Litig.*, 113 F. Supp. 3d 286, 288 (D.D.C. 2015) (finding exceptional circumstances where the "case had been pending in the [issuing court] for almost three and a half years, and [the issuing court] ha[d] issued a

4

multitude of orders resolving significant procedural and discovery disputes during that time");
*Google, Inc. v. Digital Citizens All.*, No. MC 15-00707 JEB/DAR, 2015 WL 4930979, at *3
(D.D.C. July 31, 2015) (finding exceptional circumstances where underlying case had been set at
a "very rapid race" and "not transferring the subpoena-related motions carrie[d] with it the
potential of interfering with the discovery timeline of the underling litigation"); *XY, LLC v. Trans
Ova Genetics*, L.C., 307 F.R.D. 10, 11-13 (D.D.C. 2014) (finding exceptional circumstances where
issuing court had "already supervised substantial discovery and begun preparations for trial");
*Wultz v. Bank of China, Ltd*., 304 F.R.D. 38, 45-47 (D.D.C. 2014) (finding exceptional
circumstances due to the "highly complex and intricate nature of the underlying litigation").

## III. DISCUSSION

Petitioner contends that exceptional circumstances warrant transfer in this case for several
reasons.  First, Petitioner argues that the "subject matter of the subpoena to the SEC is currently at
issue" in the ongoing summary judgment briefing before the issuing court.  Petitioner's Mot. to
Transfer, ECF No. [5], at 4; *see also* Petitioner's Reply, ECF No. [7], at 2 ("Petitioner's ability to
obtain the requested information from the SEC goes to the heart of the pending summary judgment
motion in the Colorado Action.").  Second, Petitioner argues that Magistrate Judge Tafoya has
demonstrated a specific concern about the preservation of the documents at issue in the Motion to
Compel, and that Magistrate Judge Tafoya is especially situated to resolve the motion.  *See*
Petitioner's Mot. to Transfer, ECF No. [5], at 3-4.  Specifically, Plaintiff attaches to his Motion to
Transfer a transcript of the scheduling conference held before Magistrate Judge Tafoya on
February 11, 2016, at which Magistrate Judge Tafoya had a "specific dialogue with defense
counsel . . . regarding non-party documents in the possession, custody or control of non-parties,
including documents in the possession of the SEC as part of the agency's investigation into alleged

securities fraud." *Id.* at 3 (citing Exhibit 1 to Declaration of Regis C. Worley, Jr., at 17:10-19:13 (2/11/16 Hearing Tr.)).

The SEC, in response, contends that the issuing court "has not yet ruled on *any* discovery issues and no discovery motions are pending." SEC's Response, ECF No. [6], at 3 (emphasis in original). Therefore, according to the SEC, "there are no rulings with which a holding of this Court on the Motion to Compel would conflict." *Id.* Respondent further argues that Petitioner "has made no showing that a ruling by this Court on the Motion to Compel would implicate any substantive issues in the underlying action." *Id.* at 4.

Upon review of the parties' submissions, the Court finds that extraordinary circumstances exist, such that transfer is warranted "in order to avoid disrupting the issuing court's management of the underlying litigation." Fed. R. Civ. P. 45(f) advisory committee's note (2013 amendments). Currently pending in the underlying litigation is the defendants' motion for summary judgment, in which the defendants argue that they are entitled to summary judgment on all claims, or in the alternative, that discovery should be limited to only the documents and testimony that relate to two discrete topics at issue in the motion for summary judgment. *See* Motion for Summary Judgment, *In re Molycorp, Inc. Securities Litigation*, No. 1:12-cv-00292-RM-KMT (D. Colo.), ECF No. [193], at 18. Summary judgment briefing is currently ongoing, and the issuing court has yet to issue a decision determining (1) whether any future discovery will be permitted, and (2) if discovery will be permitted, what the permissible scope of such discovery will be. Depending on how the issuing court resolves those issues, a decision by this Court as to the pending Motion to Compel would create the potential for inconsistent or conflicting rulings concerning the discoverability of the documents in the possession of the SEC, thereby "disrupting the issuing court's management of the underlying litigation." Fed. R. Civ. P. 45(f) advisory committee's note

(2013 amendments).  If the issuing court grants summary judgment to the defendants, the court's decision would moot Petitioner's Motion to Compel.  Alternatively, if the issuing court grants the defendants' request to limit the scope of discovery, the court's decision would impact the scope of relief available to Petitioner through his Motion to Compel, and perhaps dispose entirely of the issues raised in the Motion to Compel.  In light of the foregoing, this Court finds that transfer is warranted in order to avoid the "risk of inconsistent results" concerning the discoverability of the documents in the possession of the SEC, and that transfer is warranted "in order to avoid disrupting the issuing court's management of the underlying litigation."  Fed. R. Civ. P. 45(f) advisory committee's note (2013 amendments).  *See also Google, Inc*., 2015 WL 4930979, at *3; *Wultz*, 304 F.R.D. at 46.

Furthermore, in light of the complex nature of the underlying action, and the significant involvement of both Judge Moore and Magistrate Judge Tafoya in the action to date, the issuing court is especially well-situated to rule on Petitioner's Motion to Compel.  The underlying case has been pending for over four years, and involves complex securities issues that have required extensive briefing by the parties, and careful attention by the issuing court.  For example, on March 31, 2015, Judge Moore issued a 68-page Order dismissing without prejudice the plaintiffs' complaint, and on January 20, 2016, Judge Moore issued a 43-page Order granting in part and denying in part the Defendants' motion to dismiss the plaintiffs' amended consolidated complaint. *See* Orders, *In re Molycorp, Inc. Securities Litigation*, No. 1:12-cv-00292-RM-KMT (D. Colo.), ECF Nos. [150], [169].   Additionally, Magistrate Judge Tafoya has already issued several protective orders relating to the production of privileged and confidential information.  *See* Protective Orders, *In re Molycorp, Inc. Securities Litigation*, No. 1:12-cv-00292-RM-KMT (D. Colo.), ECF Nos. [185], [192].  At the scheduling conference held on February 11, 2016,

Magistrate Judge Tafoya specifically discussed with counsel the need to maintain documents related to the SEC's investigation into the alleged securities fraud, citing the plaintiffs' need to access such documents.  *See* Petitioner's Mot. to Transfer, ECF No. [5], at 3 (citing Exhibit 1 to Declaration of Regis C. Worley, Jr., at 17:10-19:13 (2/11/16 Hearing Tr.)).  The transcript from that status conference also suggests that, ultimately, MolyCorp, and not the SEC, may be required to produce the documents at issue.  Given the significant involvement of Judge Moore and Magistrate Judge Tafoya to date, the Court finds that the issuing court is especially informed to rule on Petitioner's Motion to Compel.  *See, e.g.*, *In re UBS Fin. Servs.*, 113 F. Supp. 3d at 288; *Wultz*, 304 F.R.D. at 45-47.

The Court also notes that transfer is appropriate where transfer would avoid interference with a time-sensitive discovery schedule issued in the underlying action.  *See Fed. Home Loan Mortgage Corp.*, 309 F.R.D. at 44.  Here, the twenty-eight page scheduling order issued by Magistrate Judge Tafoya requires that the parties complete all fact discovery by January 15, 2017. *See* Scheduling Order (Feb. 11, 2016), *In re Molycorp, Inc. Securities Litigation*, No. 1:12-cv-00292-RM-KMT (D. Colo.), ECF No. [181], at 24.  In light of the parties' representations that they are still in the early stages of discovery, the Court finds that resolution of Petitioner's Motion to Compel by the issuing court would remove the risk of "disrupting the issuing court's management of the underlying litigation."  Fed. R. Civ. P. 45(f) advisory committee's note (2013 amendments).

Finally, the Advisory Committee's Note to Rule 45 in the 2013 amendments emphasizes that the "prime concern" in determining the propriety of transfer should be the burden on the local nonparty, in this case, the SEC.  *Id.*  For that reason, transfer is appropriate only if the interests in avoiding disruption of the issuing court's management of the underlying litigation outweigh the

"interests of the nonparty served with the subpoena in obtaining local resolution of the motion." *Id.*

Here, Petitioner contends that the SEC is a federal government agency with sophisticated legal counsel at its disposal. Petitioner's Mot. to Compel, ECF No. [5], at 5 (citing *Judicial Watch*, 703 F.R.D. at 34-35)). Petitioner also notes that the SEC maintains an enforcement division in Denver, "just blocks away from the U.S. District Court for the District of Colorado." *Id.* In addition, Petitioner cites the Advisory Committee's Note to Rule 45, which contemplates that any attorney authorized to practice in the compliance court may appear in the issuing court. *See id.*

The SEC, in response, fails to identify any burden that might exist from arguing the Motion to Compel before the district court in Colorado. Rather, the SEC states that its concern is "not just the burden of this particular case, but the impact of subpoenas in many factually indistinguishable cases in which parties believe seeking documents from the SEC will be easier than seeking them from entities with an interest in the underlying litigation." SEC's Response, ECF No. [6], at 5. This is a legitimate concern. The SEC, however, in this particular case, makes no attempt to establish how, in light of that concern, the SEC would be burdened by litigating the Motion to Compel in Colorado, or why the SEC's interest in obtaining local resolution of that motion would outweigh the interest in avoiding disruption of the issuing court's management of the underlying litigation. In light of the foregoing, the Court finds that transferring the Motion to Compel will impose a minimal burden on the SEC—if any—which is far outweighed by the exceptional circumstances present here.

Accordingly, due to the nature of the issues pending before the issuing court, the potential for inconsistent results concerning the discoverability of the documents in the possession of the SEC, and the risk of disrupting management of the underlying case, the Court finds that

"exceptional circumstances" exist so that the United States District Court for the District of Colorado, where the underlying action is pending, should resolve Petitioner's Motion to Compel.

## IV.  CONCLUSION

For the reasons described below, the Court will grant Petitioner's Motion to Transfer and will transfer its Motion to Compel to the District of Colorado where the underlying action is pending.

An appropriate Order accompanies this memorandum opinion.


_____/s/_____

**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE